NIEDBALSKI, Respondent, vs. CUCHNA and another, Appellants.

*January 6—February 4, 1958.*

For the appellants there were briefs by *Engelhard, Snodgrass & Goerdt* of La Crosse, and oral argument by *Lawrence M. Engelhard.*

For the respondent there was a brief by *Johns, Roraff, Pappas & Flaherty* of La Crosse, and oral argument by *Leonard F. Roraff.*

BROWN, J.   On September 13, 1956, a collision occurred in La Crosse county between an automobile owned and driven by plaintiff Niedbalski and a semitrailer driven by defendant Hoople for its owner, defendant Cuchna. On November 5, 1956, Cuchna sued Niedbalski for his property damage and in another action Hoople sued Niedbalski for his personal injuries.

Niedbalski answered but instead of making a counterclaim or cross complaint in those actions he began the present action against Cuchna, Hoople, and their insurance carrier

for the damages he alleges he suffered in the same collision. Both Hoople and Cuchna were nonresidents, so on November 30, 1956, Niedbalski served his summons and complaint against them on the commissioner of motor vehicles in an attempted compliance with sec. 85.05 (6), Stats., and he certified to the commissioner that Cuchna's last-known address was 512 Shelby (or Selby) avenue, St. Paul, Minnesota, or 70 Ingelhard (or Igelhart) street, St. Paul, Minnesota. These addresses had been given by Hoople to the police. As a matter of fact neither place was, or ever has been, Cuchna's address. Whether the error in the certification was excusable and whether there was a substantial compliance with sec. 85.05 (6) are interesting questions but are immaterial to the present appeal.

The commissioner forwarded the papers served on him to the two defendants at the certified addresses. Hoople received his, but the ones for Cuchna were returned to the commissioner, with the information, which the commissioner passed on to Niedbalski, that Cuchna was not at the given address.

The certificate of the commissioner shows that Niedbalski's summons and complaint was served on him on November 30, 1956, and on December 3, 1956, he mailed a copy thereof to Hoople at the certified address. The commissioner's covering letter, dated December 3, 1956, notified Hoople that the inclosed copy of summons and complaint had been served on the commissioner, as Hoople's statutory agent, on *December* 30, 1956.

Twenty days from November 30, 1956, the date of service on the commissioner, expired December 20, 1956. Both Cuchna and Hoople served answers to Niedbalski's complaint on December 24, 1956. Whether such service was timely for each such defendant under the circumstances raises other interesting, though now immaterial, questions.

Plaintiff Niedbalski moved on December 28, 1956, for a judgment on the complaint by default against defendants Cuchna and Hoople. The motion was granted but then, on motion of the plaintiff, the trial court made the following findings of fact and order:

"1. That service of the summons and complaint upon the defendants Cuchna and Hoople was effected by service upon their statutory agent, the commissioner of motor vehicles, on November 30, 1956, and that the time for such defendants to answer expired on December 20, 1956.

"2. That the defendants Cuchna and Hoople did not appear or answer within the time prescribed by law and are in default.

"3. That two other actions arising out of the same automobile accident are now pending in this court and are entitled 'Clarence Hoople vs. Kenneth Niedbalski, et al' and 'Leo Cuchna vs. Kenneth Niedbalski, et al' and that in such companion cases Kenneth Niedbalski (plaintiff here and defendant there) was required to answer on or before December 24, 1956, and did make timely answer.

"4. That in the instant case if the defendants Hoople and Cuchna had made timely answer Kenneth Niedbalski could have joined issue, served notice of trial, and filed the same with the clerk of this court prior to December 24, 1956, with the result that if all these cases are consolidated for trial Kenneth Niedbalski could have and should be permitted to proceed upon such trial as the plaintiff.

"5. That the default of defendants Cuchna and Hoople is the result of inadvertence and excusable negligence.

"Now therefore, it is ordered that the defendants Cuchna and Hoople be and they are hereby relieved of their default and that their answer served December 24, 1956, be permitted to stand as and for their answer to the complaint of the plaintiff herein, subject, however, to the following terms and conditions:

"1. That the defendants Cuchna and Hoople pay to the plaintiff as cost of motion the sum of $10 and,

"2. That in the event this action and the companion cases referred to above are consolidated for purposes of trial,

the plaintiff Kenneth Niedbalski be permitted to proceed at such trial as the plaintiff."

Orders from which appeals may be taken are designated by sec. 274.33, Stats. In its present form, which includes amendments made by Rules of Court, printed at page x of 271 Wis., and in 34 West's Wis. Stats. Anno., Title 25, pp. 147, 148, sec. 274.33, the statute reads:

"APPEALABLE ORDERS. The following orders when made by the court may be appealed to the supreme court:

"(1) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken.

"(2) A final order affecting a substantial right made in special proceedings, without regard to whether the proceedings involve new or old rights, remedies, or proceedings and whether or not the right to appeal is given by the statute which created the right, remedy, or proceedings, or made upon a summary application in an action after judgment.

"(3) When an order grants, refuses, continues, or modifies a provisional remedy or grants, refuses, modifies, or dissolves an injunction, or sets aside or dismisses a writ of attachment, grants a new trial, or sustains or overrules a demurrer, decides a question of jurisdiction, determines an issue submitted under section 263.225, or denies an application for summary judgment, but no order of the circuit court shall be considered appealable which simply reverses or affirms an order of the civil court of Milwaukee county, unless the order of the civil court grants, refuses, continues, modifies, or dissolves a provisional remedy or injunction.

"(4) Orders made by the court vacating or refusing to set aside orders made at chambers, where an appeal might have been taken in case the order so made at chambers had been made by the court in the first instance. For the purpose of appealing from an order either party may require the order to be entered by the clerk of record."

The order now in question does not meet any of the statutory tests which would render it appealable.

*By the Court.*—Appeal dismissed.